USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 0 6 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JUANA PEREZ,

        Plaintiff,

   -against-

JETBLUE AIRLINES,

        Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

17 Civ. 9650 (GBD)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Juana Perez brings this action against Defendant JetBlue Airlines under this Court's diversity jurisdiction. In her handwritten complaint, Plaintiff made nearly entirely illegible allegations, causing this Court, on January 3, 2018, to *sua sponte* dismiss her complaint for failure to state a claim. (*See* Order ("Jan. 3, 2018 Order"), ECF No. 5.) Approximately 20 months later, Plaintiff filed a motion that she describes as a "motion to reopen case," which is only slightly more legible than the complaint. (*See* Notice of Mot. ("Mot. to Reopen"), ECF No. 9.)[1] Summarizing what little this Court is able to extract from the entire docket, Plaintiff's initial claim was for the "return [of the] full price of ticket [she] purchased." (*Id.* at 1.) Plaintiff lists the date of occurrence as November 8, 2017, and the place of the occurrence as John F. Kennedy International Airport in "New York Manhattan." (Compl., ECF No. 2, at 5.)[2] She now adds in her motion to reopen that she "also lost money because it was a business trip." (Mot. to Reopen

---

[1] A copy of Plaintiff's motion to reopen is attached hereto.

[2] As this Court previously noted in its January 3, 2018 Order, it is not clear that the alleged incident took place in this District; Plaintiff claims that the alleged incident occurred at John F. Kennedy International Airport, (*id.*), which is located in Queens in the Eastern District of New York, not Manhattan, which is within the Southern District of New York.

at 1.) Although there are a handful of legible words scattered throughout Plaintiff's recent motion, they are not members of legible sentences or statements, and this Court is therefore unable to interpret any additional arguments, supporting facts, or evidence from Plaintiff's moving papers.

In previously dismissing Plaintiff's complaint, this Court granted Plaintiff leave to replead within sixty days of the date of the January 3, 2018 order. The Court added that if Plaintiff should choose to amend her complaint, it "strongly encourages her to either type her amended complaint or ask for assistance from someone whose handwriting is clear and legible," and also described and attached details regarding how to contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, should Plaintiff need additional assistance. (Jan. 3, 2018 Order at 3–4, 13–20.) Based on a comparison of the handwriting in Plaintiff's motion to reopen and original complaint, both documents appear to have been written by the same individual.

For the reasons set forth in this Order, Plaintiff's motion is DENIED.

## I. LEGAL STANDARDS

### A. Motions for Leave to Amend.

Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). "A district court has broad discretion in determining whether to grant leave to amend." *Perez v. 117 Ave. of the Ams. Food Corp.*, No. 15 Civ. 8151 (JPO), 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) (quoting *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000)). However, "[l]eave to amend may be denied for undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502–03 (S.D.N.Y. 2007) (citation omitted). That is, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the

deadline set in the scheduling order where the moving party has failed to establish good cause."
*Parker v. Colum. Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

### B. Motions for Reconsideration.

A motion for reconsideration may be granted where the "moving party can point to controlling decisions or data that the court overlooked[—]matters, in other words[,] that might reasonably be expected to alter the conclusion reached by the Court." *In re JPMorgan Chase & Co. Deriv. Litig.*, 12 Civ. 3878 (GBD), 2014 WL 3778181, at *1 (S.D.N.Y. July 30, 2014) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* S.D.N.Y. Loc. Civ. R. 6.3. Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). By contrast, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (*Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Weiss v. El Al Israel Airlines, Ltd.*, 471 F.Supp.2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

### II. PLAINTIFF'S MOTION IS DENIED

It is unclear whether Plaintiff intended for her "motion to reopen case" to be a motion for reconsideration or a motion to amend her complaint. Given that Plaintiff is proceeding *pro se*, the Court will review her submission under each standard. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("*[P]ro se* plaintiffs should be granted special leniency regarding

3

procedural matters."); *see also Kelly v. New York Civil Serv. Com'n*, 632 F. App'x 17, 18 (2d Cir. 2016) ("We liberally construe [Plaintiff's] pro se submissions as raising the strongest arguments they suggest."). Plaintiff's illegible pleadings, however, fail to meet either standard.

The time period within which this Court granted Plaintiff leave to amend lapsed approximately 17 months before Plaintiff filed her motion. In *Bay Harbour*, the court denied the plaintiff's motion for leave to file an amended complaint because the plaintiff had failed to show good cause for its delay in seeking leave to amend and the court found that granting the motion would prejudice the defendants. This Court, however, is unable to even reach the analysis of whether Plaintiff has good cause for her delay in filing this motion, as it is nearly entirely indecipherable. Despite the lenient standard that a Court applies when reviewing a *pro se* litigant's submissions, courts have held that this does not wholly absolve a *pro se* litigant from pleading requirements or standards altogether. *See, e.g., Geldzahler v. New York Med. Coll.*, 663 F.Supp.2d 379, 387 (S.D.N.Y. 2009) (the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it" (alteration in original) (citations omitted). As described above, this Court previously provided Plaintiff with suggestions as to how she might improve her pleadings, and also provided her with resources should she require any help. Considering that Plaintiff has filed a second illegible motion after seemingly not utilizing any of this Court's recommendations, granting Plaintiff's motion for leave to amend appears to be futile.

Likewise, Plaintiff has not provided the Court with any legible arguments that indicate that there is new law, new evidence, or that there has been "clear error" or "manifest injustice" in this Court's denial of her initial complaint. While a court will not grant a party's motion for reconsideration when it appears that the motion is solely an attempt to take a second bite at the apple, this Court encouraged Plaintiff to amend her complaint by filing something legible and

4

useable. Because Plaintiff chose not to do so, this Court can base its determination solely on the papers that Plaintiff has actually filed, and not on assumptions as to what Plaintiff might have meant in her pleadings. Based on the very limited information that this Court can extract from the motion, there does not appear to be any new information that should affect the initial judgment.

### III. CONCLUSION

Plaintiff's motion is DENIED. The Clerk of Court is directed to close this motion (ECF No. 9) accordingly.

Dated: March 6, 2020
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE